IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

COURTNEY S. MCKENZIE,            )
                                 )
        Petitioner,               )
                                 )      1:06CV770
        v.                        )      2:92CR228-7
                                 )
UNITED STATES OF AMERICA,        )
                                 )
        Respondent.               )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Courtney Solomon McKenzie, a federal prisoner, has brought a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Criminal Case Docket No. 180.)[1] Section 3582(c)(2) allows a court to reduce the term of imprisonment of a defendant who was sentenced at an offense level that has subsequently been lowered by the Sentencing Commission. The Sentencing Guidelines state that a reduction in sentence due to a subsequent lowering of the guideline range is not authorized unless the amendment is listed in USSG § 1B1.10(c). USSG § 1B1.10(a). Petitioner points to Amendment 591 as the amendment authorizing relief in his case. The government has responded to the motion.

---

[1]All further citations will be to the criminal case.

(Docket No. 182.) Petitioner has replied to that response. (Docket Nos. 184, 186.)[2] The matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

**Discussion**

Petitioner claims that his sentence may be modified based on Guideline Amendment 591. Amendment 591 addressed whether enhanced penalties in USSG § 2D1.2 (drug offenses involving protected locations, underage persons, pregnant persons), apply only in cases in which the defendant was convicted of an offense referenced to that guideline or in any case in which the defendant's relevant conduct included such activity. The amendment directs the court to apply the offense guideline referenced in the Statutory Index for the statute of conviction unless the case falls within a limited exception. USSG App. C (Amendment 591). In other words, the § 2D1.2 enhancements are not generally applied unless a defendant was convicted of an offense charging the conduct it addresses. Amendment 591 also makes an amendment to USSG § 1B1.2 making it clear, again, that the Statutory Index is to be used to calculate the base offense level on most cases.

Petitioner was not convicted of an offense involving the conduct addressed by § 2D1.2. Instead, he was convicted of violating 21 U.S.C. §§ 846 and 841(a)(1).

---

[2]Petitioner's original reply was Docket No. 184. Shortly thereafter, he filed a motion to strike that reply and file Docket No. 186 as a substitute reply. The Court will grant the motion and consider the second reply. The substitution does not affect the outcome of the case.

Section 2D1.1 is referenced in the Statutory Index as an appropriate guideline to use for those offenses. USSG App. A. That guideline relies on drug amounts, not locations, underage persons, etc., to calculate the offense level. Drug amounts, and nothing more, were the facts relied on by the sentencing judge to calculate Petitioner' base offense level. (Jnt. Appx. on Appeal, Sent. Tr. Vol. II. at 13-16.) Certain enhancements also increased Petitioner's offense level. Two levels were added for obstruction of justice (*see* USSG § 3C1.1 *and* Jnt. Appx. Sent. Tr. Vol. I. at 46), three levels were added for Petitioner's role in the offense (*see* USSG § 3B1.1(b) *and* Jnt. Appx. Sent. Tr. Vol. I. at 49), and two levels were added for firearm possession (*see* USSG § 2D1.1(b)(1) *and* Jnt. Appx. Sent. Tr. Vol. I. at 68). This resulted in a total offense level of 45 and mandatory life imprisonment for Petitioner. (Jnt. Appx. Sent. Tr. Vol. II. at 16.) The opinion issued by the Fourth Circuit Court of Appeals on direct appeal confirms this. *United States v. McKenzie*, Nos. 93-5525, 93-5528, 93-5526, 93-5527, 1994 WL 645535 (4th Cir. 1994)(unpublished). Petitioner's sentence was not affected by any of the enhancements referenced in USSG § 2D1.2. Therefore, Amendment 591 does not change Petitioner's guideline range.

In Petitioner's reply brief, he makes numerous new arguments attacking his sentence calculations and mostly having nothing to do with Amendment 591. These claims could only be recognized through 28 U.S.C. § 2255. Any claims cognizable under § 2255 may not be addressed because Petitioner has already filed one such motion and had it decided against him on its merits (No. 2:97CV515). Therefore, Petitioner must obtain the permission of the

Fourth Circuit before this Court may consider another such motion. 28 U.S.C. §§ 2244 and 2255. Such claims should also be dismissed.

**IT IS THEREFORE ORDERED** that Petitioner's motion to strike his original reply and substitute a new one (Docket No. 185) is granted.

**IT IS RECOMMENDED** that Petitioner's motion for reduction of sentence (Docket No. 180) be denied, and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: September 20, 2007

-4-

Case 2:92-cr-00228-NCT   Document 188   Filed 09/20/07   Page 4 of 4